IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                           4:16-CR-00194-BRW

RICHARD BARTMANN

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 83) is DENIED.

**I.   BACKGROUND**

On February 9, 2018, Petitioner pled guilty to receipt of child pornography, and the other charges were dismissed.[1] On July 26, 2018, he was sentenced to 114 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release form the warden, and that request was rejected on

---

[1]Doc. No. 18.

[2]Doc. No. 31.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

April 30, 2020.  However, it does not appear that Defendant appealed the denial, which means he has not exhausted his administrative remedies.  Accordingly, Plaintiff's motion is premature and this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant asserts has a history of prostate cancer, early-stage lung cancer, COPD, and low heart rate, which put him at a higher risk of suffering from COVID-19.  First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health conditions are not listed.  Although Defendant has provided medical records, there is no evidence that his health conditions are severe enough to prevent him from independently functioning within the prison.  He also has provided neither argument nor evidence that his health conditions cannot be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant has served less than 50%, which means he does not meet the minimum served-time requirements under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

In 2014, the Department of Homeland Security ("HSI") and the FBI began investigating accounts that appeared to be selling sexually explicit pictures, videos, and live streams of minors in the Philippines. On April 13, 2016, HSI received a CyberTip from the Center for Missing and Exploited Children, which included eight image files containing child pornography which were sent as attachments to Defendant's email. A search of Defendant account revealed over 20,000 emails and chats, many of which contained sexually explicit conversations and pertained to the solicitation and distribution of child pornography. There were also plans to travel to the Philippines to engage in sexual activity with underage females. When officers executed a search warrant on Defendant's home, they seized numerous electronic devices that contained child pornography. When asked if he ever engaged in sexual activity with any minors when he traveled to the Philippines, he responded, "Not a one, much to my chagrin." Additionally, Defendant committed the instant offense when he was nearly 80 years old, so it is unlikely that he has "aged out" of the behavior involved in the instant offense.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 83) is DENIED.

IT IS SO ORDERED, this 8th day of September, 2020.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE